UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA                    :

   VS.                                          :          Crim. No. 3:94cr223 (PCD)

LUIS GERALDO LEON                           :

ORDER ON MOTION FOR SENTENCE REDUCTION

Pending is defendant, Leon's, motion for sentence reduction pursuant to 18 U.S.C. §
3582(c)(2) in which movant relies on U.S.S.G. Amendment 706. What follows is the sequence
which led to Leon's sentence of 262 months which is presently being served. After a trial, Leon
was found by the Probation Office to be subject to a base offense level of 34 which was derived
from the amount of crack cocaine for which Leon was deemed responsible, pursuant to U.S.S.G.
§ 2D1.1. The court modified the PSR level by eliminating a two level increase for obstruction of
justice which was held, in relation to the facts of the case, not to be applicable to Leon, finding
the adjusted offense level to be 37. A criminal history category III resulted in a sentence range of
262-327 months. Review of Leon's record of convictions disclosed that he was legitimately to be
subject to a career offender status with a resulting Category VI which, with an offense level of 37
resulted in a sentence range of 360 months to life. In considering the sentence to be imposed the
court determined that a career offender status should not be applied as it overstated Leon's
criminal activity and propensity to recidivism. This resulted in a reversion to the history category
III, the original category recommendation in the PSR. At an offense level 37 and history category
III, Leon's sentence range was 262 to 327 months and he was sentenced to 262 months.

Leon's entitlement to a sentence reduction is dependent on the Sentencing Commission's
having lowered the applicable sentencing range. In this case any such reduction is to be found in

the 706 amendment which was effective on November 1, 2007 but made retroactive by amendment 716. See U.S.S.G. Supp. to App. C.  A sentence merely premised on a defendant's status as a career offender is not subject to reduction. See U.S. v. McGee, 553 F. 3d 225, 227 (2d cir. 2009). In that case the defendant sought a reduction from a sentence imposed by the trial judge after eliminating defendant from a career offender status. As in the case at hand the sentence originally imposed was within the range originally calculated from U.S.S.G. § 2D1.1, deemed by the Court of Appeals to have been a "crack guideline range." Id. So here the original calculation was derived from U.S.S.G. § 2D 1.1 and the amount of crack cocaine for which Leon was found responsible. By eliminating the career offender status, the court resorted to, and premised the sentence on, and within, the original offense level from the PSR, 262 to 327 months which was derived from § 2D1.1. The departure was therefor down "from the career offender range down to the crack guideline range."  Id. A reduction would not be inconsistent with any applicable policy statement of the Sentencing Commission. Accordingly Leon is found to be eligible for the two level sentence reduction. Id.

Leon 's original sentence was found properly at the low end of his sentence range, 262 months. If his offense level is reduced by two, to level 35, with a category III, his range would be reduced to 210 to 262 months. Considering all the facts of his involvement in the offense charged and of which he stands convicted by a jury, considering the calculated range and in fulfillment of the factors in 18 U.S.C. § 3553(a), a sentence at the low end of the recalculated range is found to be reasonable, reflective of the seriousness of the offense, protective of the community, adequately deterrent to any repetition of the offense either generally or by Leon and therefor sufficient for all relevant sentencing purposes. Accordingly the guideline range, based on a reduced offense level of 35 and Criminal History category of III, is found to be 210 to 262

months. Leon's sentence is vacated and he is resentenced to 210 months. In all other respects the

sentence imposed on December 8, 1995, will remain in effect.

SO ORDERED;

Dated at New Haven, Connecticut this 19th day of March, 2009.


_____          /s/
                                                    _____
                                                            PETER C. DORSEY
                                                    UNITED STATES DISTRICT JUDGE